519 P.2d 885

**E. H. COLTHARP & CO., a corporation, Plaintiff and Respondent,**

v.

**John W. TAYLOR, Defendant and Appellant.**

**No. 13396.**

Supreme Court of Utah.

Feb. 28, 1974.

Orrin G. Hatch and D. Craig Bell of Summerhays, Hatch & Landerman, Salt Lake City, for defendant-appellant.

H. G. Metos, Allan M. Metos, Salt Lake City, for plaintiff-respondent.

TUCKETT, Justice:

This action was initiated by the plaintiff to recover the balance due on a promissory note executed by the defendant and delivered to the plaintiff. The court below entered judgment in favor of the plaintiff in the sum of $2,714.75, together with interest and attorney's fees. No claim is made here that the trial court erred in its deter-

mination of the amount due on the note nor as to interest and attorney's fees. It is the defendant's contention that he was entitled to a judgment on his counterclaim in an amount greater than that found due the plaintiff on its claim.

Prior to the commencement of this action the plaintiff and defendant were made defendants in another lawsuit wherein a third party sought to recover damages resulting from the sale of a forged certificate of stock by the plaintiff. The forged certificate had been purchased by the plaintiff from the defendant and as a part of a settlement agreement of the prior lawsuit, defendant executed and delivered to the plaintiff the promissory note herein sued upon in the sum of $12,792.52. As part of the settlement-agreement the defendant transferred to the plaintiff certain certificates of stock which the plaintiff agreed to sell and to apply the proceeds therefrom toward payment of the note. The defendant claims that the sale of the stock by the plaintiff produced a sum of money far in excess of the balance due on the note, and that he was entitled to judgment therefor. The defendant further claims and alleges in his counterclaim that the plaintiff agreed to deliver to him the forged stock certificate so as to enable him to proceed against his transferor.

At the conclusion of the trial the court found that the defendant's counterclaim was not supported by any evidence which would entitle him to the relief prayed for. We have reviewed the record and we conclude that the defendant failed to prove the allegations of his counterclaim by a preponderance of the evidence. The record discloses no basis for a reversal of the decision of the district court and the same is affirmed. The respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.